Vermont Superior Court
Filed 03/22/21
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 323-10-20 Wncv

| Woods vs. Baker et al |
|---|

## ENTRY REGARDING MOTION

Title:        Motion to Compel; Motion to Compel; Motion for Default Judgment; Motion for
Default Judgment ; Motion to Compel.; ;  (Motion: 3; 4; 5; 6)
Filer:        George Woods; George Woods; George Woods; George Woods
Filed Date:   December 30, 2020; January 21, 2021; February 03, 2021; March 08, 2021

The motion is DENIED IN PART.

Plaintiff George Woods, a Vermont prisoner, filed this lawsuit pro se on October 7, 2020.  He styled it as "small claims tort."  However, he seeks declaratory relief not available on the small claims docket and monetary relief ($3,000 from each of numerous defendants) far in excess of the small claims limit.  The court thus has interpreted his complaint as having been intended for the regular civil docket.  If he in fact intended otherwise, he should so clarify immediately.

Mr. Woods alleges that he was acting as a hearing assistant for another inmate during a disciplinary hearing when conflict developed between him and the hearing officer.  The hearing officer (Dwyer) eventually handcuffed him.  He was then searched by officers Simoneau and Lamadeleine.  Another officer, Fontain, was present and allowed this to occur.

Mr. Woods was charged with a disciplinary infraction in relation to the incident.  After a hearing, he was found guilty.  He faults Officer Urie for not booking video evidence to be used by him during his hearing.  He claims that he grieved the outcome to no avail.

In this case, Mr. Woods claims that he was wrongfully restrained during the incident and seeks damages and other remedies.

After filing the complaint, Mr. Woods filed a motion seeking to compel a response to a subpoena he asserted he had sent out in August 2020 (before this case began). The court denied the motion noting that there was no return of service or waiver in the record and that the subpoena related to a different case, one apparently filed in the Caledonia unit. The court ordered Mr. Woods to complete service.

On December 30, Mr. Woods filed another motion to compel responses to discovery requests purportedly sent to the Attorney General before this case began. He filed another such motion on January 21, 2021. On February 3, 2021, he filed a motion for default. By that point in time, he had never filed any proof of service or waiver.

On February 25, assistant attorney general Patrick Gaudet filed a notice of appearance for named Defendants Baker, Urie, Taylor, Silvestri, Patterson, Koehler, Martin, and Dwyer in their official capacity only. Attorney Gaudet noted the lack of any proof of service or waiver in the record and cryptically stated, "and so the matter has not yet been served."

Of course, lawsuits are not served, defendants are. In this case, the complaint is unclear as to whether Mr. Woods sought to sue the named defendants in their official capacity only or in both their official and individual capacities. Attorney Gaudet's reference to the "matter" as having not yet been served is similarly ambiguous.

On March 8, Mr. Woods again filed a motion for default. With this filing, and for the first time in the record of this case, he filed copies of the waivers of service purportedly executed by the deputy attorney general on behalf of all 8 defendants described above in their official capacity only. See V.R.C.P. 4(d)(2) (service on the State or any State agency is effected by service on the attorney general or the deputy attorney general). All these waiver forms were executed on November 18, 2020.

No answers or motions to dismiss ever were filed, and the appearance is that Defendants also have not responded to Mr. Woods' discovery requests. Under the circumstances, no such answers, motions, or responses ever were required.

When a defendant agrees to waive service of process under Rule 4 of the Vermont Rules of Civil Procedure, the action does not "proceed" until the plaintiff files the waiver with the court. V.R.C.P. 4(l)(5). "[I]f the waiver is not returned and filed, service has not been accomplished." 4A Wright & Miller et al., Federal Practice & Procedure: Civil 4th § 1092.1. "When the waiver is returned and filed, then service will be deemed to have occurred when the waiver is filed." *Id*.

Entry Regarding Motion
323-10-20 Wncv Woods vs. Baker et al

Page **2** of **3**

Mr. Woods did not file the waiver until March 8. Service on Defendants in their official capacity (collectively, the State) therefore is not deemed to have been completed until March 8. All pending motions for default are denied because they were filed before the State was served.

As to the motions to compel discovery, those shall be set for a hearing in the near future by the clerk. Any subpoenas or requests for discovery served before this case was filed are invalid.

If Mr. Woods intended to sue any of the defendants in their individual capacity, nothing in the record indicates that he has so served them, and his time for doing so has expired unless he seeks an enlargement of time.

So ordered.



Robert R. Bent,
Judge